**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SHERRY A. TULK,                                    Case No. 1:20-cv-820

    Plaintiff,

                                                        Black, J.
        v.                                                  Bowman, M.J.

DEMOCRAT NATIONAL COMMITTEE/PARTY, et al.,

    Defendants.

**REPORT AND RECOMMENDATION**

On October 19, 2020, Plaintiff, a resident of Mason, Ohio, filed a motion seeking to file a civil complaint *in forma paupers*, or without payment of the requisite filing fee. In her 68-page typed complaint, Plaintiff seeks to file suit against multiple individuals and groups identified only as the "Democrat National Committee/Party, Members, Special Interest Groups, Partners, all Officers, Board(s), Board Members, Serving Members, Staff, Affiliates, Candidates & Officials Elected Under the Democrat National Committee." In a separate "addendum" that purports to list the addresses of various defendants, Plaintiff appears to add numerous additional defendants including the City of Elyria and various Elyria officials, Cleveland State University and several of its leaders, and other entities allegedly connected to "incidents" that began "more than a decade ago. (Doc. 1-7 at 2). In addition to her complaint and a petition for "preliminary and permanent injunction," Plaintiff has included a "certificate of service" that states that she served copies of her complaint and petition for injunctive relief upon "Tom Perez, Chair Democrat National Committee, Joe Biden, Kamala Harris, and "Other unknown members,

1

supporters, affiliates, special interest groups and associates of defendant" through mail addressed to the Democrat National Committee office in Washington, D.C.[1]

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of Plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

## I. Screening Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or

---

[1] The listed address appears to be that of the Democratic Congressional Campaign Committee.

"wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause

3

of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

## II. Analysis of Plaintiff's complaint

The allegations in Plaintiff's lengthy complaint are rambling and difficult to follow. As best the undersigned can discern, Plaintiff believes that many people and organizations have unlawfully appropriated Plaintiff's intellectual property over many years. However, Plaintiff's allegations are illogical to the point of being incomprehensible, and are fairly described as fantastical or delusional, with no factual content or context from which the Court may reasonably infer that any identified defendant violated the plaintiff's rights. Plaintiff alleges bizarre conspiracy theories including that unknown and unidentified persons hid their "takings" of her ideas "via computer and electronic device hacking, planted monitoring devices as Plaintiff worked, and breaking and entering reports of stolen flash drives from Plaintiff's home and temporary residence or stay." (Doc. 1-4 at 6-7, PageID 17-18).

Plaintiff appears to have filed at least three similar lawsuits in the Southern District of West Virginia prior to turning to this Court for relief. In her last West Virginia case, the assigned magistrate judge pointed out the similarity of her cases prior to recommending dismissal on initial screening:

> Tulk's allegations are, at best, general, conclusory, and speculative. Moreover, they are fanciful, fantastic, and delusional claims that merit dismissal. This is one of three civil actions filed by Tulk in this court alleging infringement of nothing more than general marketing and business concepts that do not warrant copyright protection. Each case has grown more irrational and implausible and this litigation represents an abuse of the

4

judicial process and valuable court resources.

*Tulk v. Democratic National Party*, 2020 WL 762877 at *6 (Jan. 14, 2020), adopted at 2020 WL 762855 (S.D.W.V. Feb. 14, 2020); *see also generally Tulk v. Cavender*, 2020 WL 3055455 (granting motions to dismiss based upon failure to state a plausible claim), adopted at 2020 WL 1031297 (S.D.W.V. March 3, 2020); *Tulk v. Marshall University*, 2020 WL 762878, adopted at 2020 WL 762856 (S.D.W.V. Feb. 14, 2020) (dismissing lawsuit on initial screening for failure to state a claim).

The similarity of Plaintiff's West Virginia cases to this one is striking, and provides grounds for dismissing the instant case with prejudice as entirely duplicative. The twin legal doctrines of claim preclusion and issue preclusion generally prohibit relitigation of claims. In each of Plaintiff's prior lawsuits, she also alleged that the defendants wrongfully appropriated her ideas through access to a computer that she had used or through listening to an oral presentation. In her most recent and nearly identical case against the Democratic National Party in West Virginia, the West Virginia court also pointed out the conclusory and delusional nature of Plaintiff's allegations. *Tulk v. Democratic National Party*, 2020 WL 762877, at *3 ("The Complaint… contains delusional allegations that Tulk's personal technological devices have been repeatedly accessed and sabotaged, and that she has been stalked and harassed.") *see also id.* at *4 (noting allegations that "her personal technological devices have been hacked or sabotaged, that her apartment has been repeatedly broken into and her vehicle tampered with, that her flash drives have been stolen, and that she has been 'followed around town and hounded as she moved about the city...'" and that "[t]his same scenario continues to repeat itself to present, through multiple cities, and without another move, a third state.").

5

In addition to rejecting Plaintiff's delusional allegations that the defendants had access to her work, the West Virginia court rejected Plaintiff's premise that the allegedly appropriated "work" – which consisted of generic words and ideas - was subject to any intellectual property protections. *See Tulk v. Cavender*, 2020 WL 1031297, at *2 (S.D.W.V., 2020) (holding that words and short phrases such as "community involvement," "vision," "passion," and "create," do not exhibit the minimal level of creativity necessary for copyright protection); s*ee generally*, *Harper & Row Publishers, Inc. v. Nation Enterprises,* 105 S.Ct. 2218, 2224, 471 U.S. 539, 547 (1985) (dismissing notion that anyone "may copyright facts or ideas.").

To the extent that Plaintiff's latest lawsuit in this Court is not dismissed as entirely duplicative of her prior lawsuit, the undersigned restates the West Virginia court's screening analysis as fully applicable to this case:

> Tulk's Complaint and Amended Complaint repeatedly assert that the defendants are using her marketing **strategies** and **processes**. Tulk is also claiming infringement by the defendants for the use of similar words, phrases, or slogans which are not subject to copyright protection under the circumstances. *See, e.g. Kitchens of Sara Lee, Inc. v. Nifty Foods Corp.*, 266 F.2d 541, 544 (2d Cir. 1959) (citing 37 C.F.R. § 202.1(a)) (words and short phrases, such as names, titles, and slogans, are not copyrightable even where distinctively used); *see also Acuff-Rose Music, Inc. v. Jostens*, 155 F.3d 140, 144 (2d Cir. 1998) (phrases that "enjoy[ ] a robust existence in the public domain" are not protectable); *Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989) ("Ordinary phrases are not entitled to copyright protection."); *Alberto-Culver Co. v. Andrea Dumon, Inc.*, 466 F.2d 705, 710 (7th Cir. 1972) ("The plaintiff could not complain about the use of the same words, as these are purely textual...."); *Peters v. West*, 776 F. Supp.2d 742, 749 (N.D. Ill. 2011) (well-known phrase does not satisfy originality standard and is not protectable); *Prunte v. Universal Music Group, Inc.*, 699 F. Supp.2d 15, 23 (D.D.C. 2010) ("Like *scenes a faire*, individual words and short phrases are generally not protected because they lack the requisite originality."); *Whitehead v. Paramount Pictures Corp.*, 53 F. Supp.2d 38, 47 n.5 (D.D.C. 1999) ("[T]he isolated use of a word or phrase such as 'kind of cute' is not copyrightable.")

6

> Nowhere in the Amended Complaint does Tulk identify any specific original written work that has been copied by the defendants. Rather, she merely asserts that the defendants are using similar **concepts**, which are not protectable. The Complaint documents are deficient because they do not allege any specific original work which was allegedly infringed or specific infringing acts by any particular defendants and, thus they fail to satisfy the *Iqbal* plausibility standard.
>
> Moreover, Tulk's allegations are fanciful and delusional and precisely the type of allegations for which dismissal for frivolity under section 1915(e)(2)(B)(i) was designed. "Federal courts routinely dismiss allegations regarding broad-based conspiracies of computer hacking, surveillance, tracking, and the like, as factually frivolous under § 1915 where these allegations are fanciful, fantastic, delusional, irrational, or wholly incredible." *Nduka v. Williams*, No. 19-cv-4316, 2019 WL 5293649, *2 (E.D. Pa. Oct. 17, 2019) (citing supporting cases). For example, courts have found to be legally frivolous allegations that the FCC, FBI, and the NSA had wiretapped the plaintiff's home, including her cell phone and home phone, hacked her computer and tablet, installed cameras in her home, tampered with her mail, and disclosed information obtained from these efforts to third parties, *see Barnes-Velez v. Fed. Commc'n Comm'n*, 18-cv-634, 2018 WL 4178196, at *1-3 (M.D. Fla. May 8, 2018), *report and recommendation adopted,* 2018 WL 4153937 (M.D. Fla. Aug. 30, 2018), and claims against two technology companies, federal judges and other court employees, and lawyers who allegedly "conspired with the other defendants to hack into her home computer and certain public library computers" to steal files.
>
> Here, Tulk's allegations are, at best, general, conclusory, and speculative. Moreover, they are fanciful, fantastic, and delusional claims that merit dismissal.

*Tulk v. Democratic National Party*, 2020 WL 762877, at *5-6 (emphasis original).

### III. Conclusion and Recommendations

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted and should be dismissed under 28 U.S.C. §1915(e)(2)(B). Accordingly, it is **RECOMMENDED** that this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief, and that Plaintiff's petition for preliminary and permanent injunctive relief be **DENIED AS MOOT**. It is further **RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this

7

Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

SHERRY A. TULK,

    Plaintiff,

          v.

DEMOCRAT NATIONAL COMMITTEE/PARTY, et al.,

    Defendants.

Case No. 1:20-cv-820

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9